In the Matter of the Claim of FLORA YOUNGER, Appellant, against MOTOR CAB TRANSPORTATION CO., INC., et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

(Argued November 22, 1932; decided January 10, 1933.)

*Gustave G. Rosenberg* for appellant. The injuries resulting in the death of the deceased arose out of and in the course of his employment. (*Sztorc* v. *Stansbury, Inc.*, 188 N. Y. 388; *Clark* v. *Voorhees*, 23 State Dept. Rep. 886.)

*John J. Bennett, Jr., Attorney-General (Joseph A. McLaughlin* and *Alexander Wolf* of counsel), for State Industrial Board, respondent. The finding of the Industrial Board that the accidental injuries and death of the employee did not arise out of and in the course of his employment is conclusive. (Workmen's Compensation Law, § 23.)

O'BRIEN, J. Claimant's husband was employed as a chauffeur by the owner of a taxicab and during his working hours he was accidentally killed. The question is whether his death arose out of his employment.

The cab which he operated was kept overnight at the employer's garage. At five o'clock in the morning the chauffeur called for it, drove it a distance of three blocks from the garage and parked it at a location advantageous for securing passengers. He selected his position at a spot which would be at the head of a line of taxicabs which usually at an early hour formed at this street intersection. Whether all these cabs belonged to the same owner does not appear. For all the record shows, the rivalry to obtain first place in the line existed not only among the drivers but also among different owners of the vehicles. The fares collected by this driver were divided on a percentage basis between him and his employer and, therefore, unless proof were produced that all the cabs which customarily stood in this line were included within one ownership, success in securing first place inured to the mutual benefit of deceased and his employer. Under such conditions, the chauffeur in taking the cab from the garage with the least possible delay was engaged in promoting his employer's interests.

Having acquired this post of precedence, to the probable profit of his employer as well as himself, the deceased returned on foot to the garage for the purpose of receiving his weekly wages. The day was Saturday, which was pay day, and there is evidence by the employer's superintendent that the driver could call at the garage for his

check at any time during pay day and that it was his duty to come in for his pay. After his check had been delivered to him he proceeded, again on foot, in the direction of the parked taxicab, when, at a distance of forty or fifty feet from the garage, he was struck by a motor vehicle and fatally injured.

The State Industrial Board and the Appellate Division have ruled that this claim does not come within the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67). Our decision in *Matter of Cunningham* v. *Hunterspoint Lumber & Supply Co.* (256 N. Y. 574) is cited in support of that ruling. We think that it does not apply. In that case the employee during the lunch hour was injured while journeying to a bank to cash his pay check. His accident occurred far from his place of employment and plainly outside working hours and consequently at a time and place other than in the course of his employment. Here the employment had not ceased, even temporarily, and that fact, considered with the evidence that not only was collection of checks on the employer's premises allowed but that a duty rested upon the employee to call for his pay and that the employee's early departure from the premises was made partly for the benefit of the employer, marks a distinction. If, instead of taking time to park his car for the mutual benefit of himself and his employer, the deceased had been injured before he left the premises or, after proceeding only forty or fifty feet, he had immediately returned for the purpose of obtaining his pay and had then been run down at the exact location where the accident did occur, we think that the liberal interpretation heretofore placed upon this statute would forbid dismissal of the claim. When, as in this case, some advantage to the employer, even though slight, can be discovered in the injured workman's conduct, his act cannot be regarded as purely personal and wholly unrelated to his employment. Under such circumstances his injury occurs not only in the course of his employment

but it also arises out of it. The principle of decisions like *Sztorc* v. *Stansbury, Inc.* (189 App. Div. 388); *Springer* v. *North* (205 App. Div. 754), and *Matter of Wickham* v. *Glenside Woolen Mills* (252 N. Y. 11) must be deemed to control the facts in this case.

The order of the Appellate Division and the determination of the State Industrial Board should be reversed and the matter remitted to the State Industrial Board for a rehearing, with costs in all courts against the State Industrial Board.

POUND, Ch. J., CRANE, HUBBS and CROUCH, JJ., concur; LEHMAN and KELLOGG, JJ., dissent.

Ordered accordingly.