In the Matter of the Claim of GERTRUDE L. BACON, Respondent, against HUDSON VALLEY FUEL CORPORATION and Another, Appellants. STATE INDUS-TRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits. The sole question presented for review is whether the accident which resulted in the death of the deceased arose in the course of his employment. It is conceded that the accident arose out of the employment. Deceased worked Monday, Tuesday and Wednesday of each week. He was not engaged on Thursday or Friday. On Friday he was accustomed to go to the office of his employer for the purpose of receiving his pay. The railroad tracks of the New York Central Railroad Company ran along the east side of the employer's premises and adjacent thereto. It was necessary to cross the tracks to enter the employer's premises. The railroad company maintained a cinder pathway between the north- and south-bound tracks for the accommodation of its patrons. The employer had obtained permission from the railroad company for its employees to use the railroad right-of-way as a means of entering and leaving the plant. No orders were ever issued to the employees as to the manner of proceeding across the railroad right-of-way. The use of the cinder path by employees was with the knowledge of the employer and without objection on its part. On Friday, November 9, 1934, deceased went to the plant and received his pay. He left the plant and started north along the six-foot strip. While walking on this pathway he was struck by the side of the engine on a north-bound train and killed. The Industrial Board held that the accident arose out of and in the course of deceased's employment. Award unanimously

affirmed, with costs to the State Industrial Board. (*Matter of Younger* v. *Motor Cab Transportation Co.*, 260 N. Y. 396; *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154.) Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.