TALLENT *v.* M. C. LYLE & SON.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

HODGES & DOUGHTY, of Knoxville, for appellant.

CATES, FOWLER, LONG & FOWLER and WILBUR W. PIPER, all of Knoxville, and CHAS. C. GUINN, of Etowah, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a suit to recover compensation under the Workmen's Compensation Law. Code, sec. 6851 et seq. We will refer to the parties as they appeared in the court below, Tallent as petitioner and M. C. Lyle & Son as the defendant. The former was employed by the latter as a painter and was engaged along with numerous other employees in painting houses in Oak Ridge, site of Atomic Energy development.

The only question in the case is whether or not the injury, for which compensation is sought, arose out of and in the course of petitioner's employment. The trial in the Chancery Court was on oral evidence, the decree

of the court being in favor of the injured employee. A motion for a new trial was seasonably made and overruled, from which an appeal was prayed and granted to this Court.

There are three assignments of error, questioning the Chancellor's decree upon the grounds:

(1) "It was error to decree that Frank Tallent was entitled to compensation benefits because there is no evidence to support the decree."

(2) "The Trial Court erred in not dismissing complainant's suit because his injury arose out of an act on the part of the employee in no wise connected with his employment, in that he was inspecting or repairing his personal automobile at the time he received his injury, and his injury did not arise out of the employment."

(3) "The Trial Court should have dismissed complainant's petition because the record conclusively shows that the accident and injury resulting therefrom was wholly foreign to petitioner's employment and contract of hire and at a time when the defendants were exercising no control or right of control over complainant."

There is little disagreement between counsel for the petitioner and the defendant as to the facts. The defendant, M. C. Lyle & Son, was under contract to paint a number of houses in Oak Ridge and employed Frank Tallent and others as painters to fulfill the contract. The employees lived some distance from the place of their employment and traveled to and from work in both public and private conveyances. It was and is now petitioner's insistence that the defendant contracted with him to use his automobile to transport fellow employees. To this the defendant makes positive denial.

The Chancellor found that the evidence supported the petitioner upon this issue. His finding is based upon the following testimony of the petitioner, and Smith a fellow employee, to which he made special reference:

"Me and Mr. Smith went to get a job. We goes to the office first and saw Mr. Lyle, Jr. and he said we better see 'dad', and we did, and he said, whose automobile is this, and I said mine, and he said, if I give you a job you can furnish transportation and take other men to work, and I said, yes, and got a job.

"Q. Did you have any understanding with him that you would drive other workmen to and from work? A. Yes, I think so."

The petitioner and other employees went to work at 8 o'clock a. m. and quit at 4 p. m. They were paid for eight hours each day and until 4:30 p. m., an allowance being made for performance of duties incidental to their regular work. The petitioner from the time of his employment until the day of the accident transported some of his fellow employees to and from work. There is some dispute, which is not material, as to whether he charged a fixed price or merely accepted donations to help pay for gas and oil. There is no doubt but that defendant was interested in this particular activity since it is shown that young Lyle, son of M. C. Lyle, carried certain employees to the point where petitioner's automobile was parked and waiting to receive them. Moreover it was important that they leave the job before 4:30 p. m. to save defendant's having to pay for overtime.

On the day of the accident, between 4 and 4:30 o'clock p. m. the petitioner was inspecting the engine of his car. The weather was very cold and the engine was smoking. He raised up the hood to make some adjustments and

in so doing his right index finger was caught in the fanbelt and injured to such an extent that it had to be amputated. The Chancellor found as a fact: "This injury was received within the area of the contract which defendant was undertaking to fulfill, and within the period of time in which the complainant was paid for his day's work, *and during the time which complainant was waiting for his employer to bring other employees to his car to be transported home.*" (Emphasis ours.) We think the evidence amply supports the foregoing opinion of the Chancellor and is conclusive on appeal.

■■ The principal contention of defendant's counsel is that at the time the petitioner was injured he was engaged in an act that was purely personal; that his employer had no interest in it and for this reason the said injury did not arise out of nor in the course of his employment. While the finding of the Chancellor that the transportation of employees was a part of the contract of hire is binding upon us, we think that, apart from this finding, the defendant had an interest in the use that the petitioner was making of his automobile, viz. the transportation of fellow employees. The injury was so closely connected with the work that was being done, and so related to the contract (if not a part of it) that it was in furtherance of the master's business. Acts for the employer's benefit are usually held to arise out of the employment, if expressly, impliedly, or reasonably authorized. In *Ryan* v. *Farrell,* 208 Cal. 200, 280 P. 945, 946, it was held "that where the servant is combining his own business with that of his master, or attending to both at substantially the same time, *no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured.*" (Italics

ours.) The same principle has been applied by this Court in a number of compensation cases.

In *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn. 346, 352, 265 S. W. 543, 545, it is said: " 'The accident causing the injury must arise out of work or business being done for the master, *either by direct or implied authority.*' . . . 'The word "employment" will not be given a narrow or restricted construction. *It is not confined to actual work.* It extends to all things which the contract of employment expressly *or impliedly entitles the workman to do.*' " (Italics ours.) In this case the workman was denied compensation because he was killed while performing an act which was expressly forbidden by his employer.

In *Chamber of Commerce* v. *Turner*, 158 Tenn. 323, 13 S. W. (2d) 318, 319, an employee was killed when he engaged in an argument with a collector of garbage as to what garbage should be taken from the premises. It was the employee's intention to appropriate the garbage to his own use rather than let the collector have it. This fact did not take the cause out of our compensation statute. In holding that the employee's death was compensable it was said: "It is not essential that the employee be engaged in an act directly beneficial to his employer in order that the resulting injury may be said to have arisen out of the employment. *Johnson Coffee Co.* v. *McDonald*, 143 Tenn. 505, 226 S. W. 215; *Tennessee Chemical Co.* v. *Smith*, 145 Tenn. 532, 238 S. W. 97." To the same effect see *Carmichael* v. *J. C. Mahan Motor Co.*, 157 Tenn. 613, 11 S. W. (2d) 672, and cases cited, also *Spralding* v. *Bituminous Cas. Corporation*, 182 Tenn. 443, 187 S. W. (2d) 626.

Counsel for the defendant relies strongly upon the cases of *Leonard* v. *Cranberry Furnace Co.*, *supra*, to

which we have referred, *Davis* v. *Wabash Screen Door Co.*, 185 Tenn. 169, 204 S. W. (2d) 87, *Hinton Laundry Co.* v. *De Lozier*, 143 Tenn. 399, 225 S. W. 1037, 16 A. L. R. 1361, and *Hendrix* v. *Franklin State Bank*, 154 Tenn. 287, 290 S. W. 30. These cases have no application.

In the *Leonard Case* the deceased employee was expressly forbidden to do the act which caused his injury and death. In *Davis* v. *Wabash Screen Door Co.* the employee was denied compensation because he was "engaged in a voluntary act . . . outside of the duties for which he is employed." [185 Tenn. 169, 204 S. W. (2d) 87.] In *Hinton Laundry Co.* v. *De Lozier* the employee was injured "while pressing a skirt for a fellow employee after working hours" and "on a day of the week when individual laundry work was forbidden by a rule." In the *Hendrix Case* death was caused by the accidental discharge of a shot gun which the employee had borrowed for personal use.

█ It would unduly prolong this opinion if we undertook to discuss and distinguish all cases dealing with the question presented on this appeal. The Chancellor's finding of fact, which we have copied in this opinion and which is supported by material evidence, is conclusive of the case.

The assignments of error are overruled and the decree awarding compensation is affirmed.

All concur.