DR. PEPPER BOTTLING COMPANY *v.* CHANDLER.

No. 39662    May 9, 1955    79 So. 2d 825

*Snow & Covington,* Meridian, for appellant.

*Nate S. Williamson, Donald W. Williamson,* Meridian, for appellee.

LEE, J.

Sometime after 11:00 o'clock on the morning of July 31, 1952, Irvin Chandler, a colored boy 16 years of age, was working on a Dr. Pepper Bottling Company truck under a route man, Edward J. Benton, unloading drinks, when he tore out the seat of his trousers. Delivering drinks with that part of his anatomy exposed did not accord with the conventions of society. According to the boy's version, Benton told him to go home and get him some more trousers and hurry back. He borrowed a bicycle from Nathan Hill, another employee; and as he was riding along the right side of the street, between 11:30 o'clock and noon, on his way home to change trousers, an automobile collided with the bicycle. Chandler sustained a broken right arm, which has resulted in the total loss of use of the member.

The cause was heard as a claim by Chandler against the Dr. Pepper Bottling Works for compensation. At the conclusion of the evidence, the attorney-referee held that the claimant, at the time and on the occasion of his injury, was on a personal mission; that he was not engaged in the furtherance of the business of Dr. Pepper Bottling Company; and that the injury did not arise out of and in the course of his employment. Compensation was denied. On review by the full commission, the

order of the attorney-referee was affirmed. But on appeal to the circuit court, the order of the attorney-referee and the commission was reversed, and an award of compensation was made. The Dr. Pepper Bottling Company and its insurer appealed.

In the recent case of Eugene Wallace Sr. v. Copiah County Lumber Company, et al. (Miss.), 77 So. 2d 316, there was a disputed issue of fact as to whether Wallace sustained his injury on the employer's premises, or whether he slipped and fell in a ditch on the highway, after his work for the day was over and he had left the premises and was on his way home; and it was held that the injury occurred on the way home. The Court said:

"As to the liability of employers for injuries received by employees off of the premises of the employer, and while such employees are going to or returning from their work, Larson states the rule in this summary: 'As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunch time are compensable, but if the injury occurs off of the premises, it is not compensable, subject to several exceptions * * * .' Larson's Workmen's Compensation Law, Vol. 1, page 194. The rule is stated in 58 Am. Jur., Workmen's Compensation, Sec. 217, in this language: 'The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment.' The books contain many cases, too many for us to cite, sustaining that general proposition.

"However, the general rule is subject to a number of exceptions, such as (1) where the employer furnishes the means of transportation, or remunerates the employee; or (2) where the employee performs some duty in con-

nection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises.''

■■ The appellant did not furnish Chandler his clothes, which he necessarily had to wear. His trip home was to change trousers, a matter purely personal to him. He was then performing no duty to the appellant. Dr. Pepper Bottling Company did not furnish him the bicycle, and the use thereof was unknown to it. Neither did the appellant select his route. His danger was such only as that to which the general public was exposed. Workmen's compensation cannot be extended to cover every hazard of life everywhere.

It follows that the order of the attorney-referee affirmed by the commission was correct, and that the judgment of the circuit court, reversing the same, was erroneous.

Consequently, the judgment of the circuit court is reversed and a judgment will be entered here for the appellant.

Reversed and judgment here.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.