ROBBINS *v.* JACKSON.

5-2184                                          339 S. W. 2d 417

Opinion delivered October 31, 1960.

*Weems, Trussell* and *McMath, Leatherman, Woods & Youngdahl,* for appellant.

*McMillan & McMillan* by *Otis H. Turner,* for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case in which the Commission denied compensation to appellant, the widow of Buford M. Robbins who, until his death, was a regular employee of Elwood C. Jackson, a sawmill operator. The Circuit Court approved the finding of the Commission. Jackson's insurance carrier was made a party to the proceedings, but hereafter we will refer to Jackson as the appellee.

The Commission disallowed compensation on the ground that Robbins was not acting within the scope of

his employment when he was killed. Appellant seeks a reversal on the ground that the Commission failed to apply what is sometimes called the "concurrent benefit" rule. The argument is that other jurisdictions have adopted this rule in workmen's compensation cases and that this court should do likewise.

There is very little, if any, dispute about the material facts out of which the claim arose. Jackson was the owner of two sawmills, one located near the town of Bethlehem and the other near Magnet Cove. At the time Robbins was killed the mill at the former location had not been in use for some three or four weeks, but the other mill where Robbins worked was in operation. The Bethlehem mill had been engaged in cutting timber, under contract, on land belonging to the International Paper Company. Under this contract appellee was obligated to cut the unmerchantable hardwood trees that were within 60 feet of a utility line, fence, or building, or within 100 feet of a public road. The remainder of such timber was to be "girdled".

On Friday, October 10, 1958, after appellee and his mill crew (including Robbins) had completed a usual day's work at the Magnet Cove mill, appellee asked the crew to meet him at the Bethlehem mill on the following morning for the purpose of loading and moving that mill to his home for storage. The process of moving the mill began at about 7:00 a.m. and was completed about 10:30 a.m. Robbins, who usually was a sawyer, helped in the moving and was paid for a full day's work and all employees were dismissed for the day. Several trees at the Bethlehem site had not at that time been "girdled" or cut as called for in the contract.

While at the Bethlehem site and while in the moving process Robbins pointed to four or five unmerchantable trees which had not been "girdled" (not trees that were to be cut) and stated to appellee that he might come back and cut some firewood for his own use. Accordingly, Robbins did return alone, after leaving appellee's house, to cut the trees with his own saw. In the process of cutting one of the trees it fell on him and killed him.

Appellee admits that he gave Robbins permission to cut the trees, and also stated that "the cutting of unmerchantable hardwood on the International Paper Company land" was for his own benefit. Likewise, appellee stated that "the removal of this unwanted, unmerchantable hardwood timber from the International Paper Company land (was) in the furtherance of (his) business and (his) obligation under the timber contract." Appellee also stated that the cutting of these trees by Robbins was of mutual benefit to him and Robbins, and that all of the unmerchantable trees had to be "girdled". Later all these trees were "girdled" but none of them were cut down.

Appellant apparently concedes that, under the former decisions of this court, the findings of the Commission should be sustained, but it is ably and earnestly insisted that under the "concurrent benefit" rule the claim is compensable, that such rule has been adopted in other jurisdictions, and that this court should also adopt that rule.

Insofar as it applies to this case, Ark. Stats. § 81-1305, provides that every employer shall provide compensation for a death "arising out of and in the course of employment." Before appellant can recover it must appear Robbins' death arose (a) out of his employment and also (b) in the course of his employment. *Pearson* v. *Faulkner Radio Service Company,* 220 Ark. 368, 247 S. W. 2d 964, and, *American Casualty Company* v. *Jones,* 224 Ark. 731, 276 S. W. 2d 41.

To fully understand appellant's argument in regard to the "concurrent benefit" rule and its application to a case of this nature, we deem it appropriate to examine briefly some of the authorities from other jurisdictions which are relied on to support the rule.

*Wamhoff* v. *Wagner Electric Corporation,* 1945, 354 Mo. 711, 190 S. W. 2d 915, 161 A. L. R. 1454. Appellant, as an employee of appellee, was engaged in electroplating metal parts. While so engaged he also undertook to plate a metal toy for his son and was injured. In affirming an

award for compensation the court, among other things approved this quotation from 71 C. J., p. 675, § 420:

"An injury suffered by an employee while performing an act for the mutual benefit of the employer and the employee is usually compensable, for when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment. Accordingly an injury resulting from such an act arises out of and in the course of the employment; and this rule is applicable even though the advantage to the employer is slight."

*Phoenix Indemnity Co.* v. *Industrial Accident Commission*, 1948, 31 Cal. 2d 856, 193 P. 2d 745. Marion Robert Hamilton was an employee of the Weggers Airplane Seeding and Dusting Company and was engaged in flying planes in seeding and dusting services. In addition the company offered instructions in aviation for a fee with Hamilton as the flight instructor. On one occasion he took his 12 year old daughter for a free ride with the company's consent and both were killed. There was testimony to the effect that the daughter expected to take up flying sometime later. In approving an award for the widow the court approved this statement from a cited authority:

"The true rule  *  *  *  is that the injury is compensable if received while the employee is doing those reasonable things which his contract of employment expressly or impliedly authorizes him to do."

*Kimberly-Clark Co.* v. *Industrial Comm. et al.*, 1925, 187 Wis. 53, 203 N. W. 737. Dominic Darne, an employee of appellant, was engaged in keeping machinery in repair, necessitating the use of many tools some of which, if not all, belonged to him. While on the regular job he undertook to make a box in which to keep the tools for his convenience, and was injured. Again the court affirmed an award and said: "the commission could reasonably draw the conclusion that the service the employee performed was within the scope of and incidental to his

employment, because its performance inured to the benefit of the employer." The court also said there was a "concurrent benefit."

*Tallent* v. *M. C. Lyle & Son,* 1948, 187 Tenn. 482, 216 S. W. 2d 7. Tallent, as an employee of appellee, was supposed (according to the findings of the trial court) to carry fellow employees to and from work in his car. The car got out of order and while Tallent was trying to fix it his index finger was injured. In affirming an award for the injury the court, among other things said: "Acts for the employer's benefit are usually held to arise out of the employment, if expressly, impliedly or reasonably authorized." The court also approved this statement: ". . . where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured."

Appellant quotes from Schneider's work on Workmen's Compensation Law, Vol. 6, page 59:

"Two or more causes may operate to cause the disability of an employee. They are spoken of as "concurrent", "contributing", "exciting", and "superinducing" causes. If all contribute to the ultimate result, they are all proximate causes of that result."

Appellant cites additional decisions from other states in support of the "concurrent benefit" rule. We have carefully examined these and find that they are merely cumulative to those heretofore mentioned.

We express at this time no dissatisfaction with the so-called "concurrent benefit" rule as it has been applied in the cases above referred to and relied on by appellant. We are not convinced however that its application calls for a reversal of this case. As we view the rule it merely calls for a liberal construction of the requirements of the statute that requires the injury (resulting in death) must "arise out of and in the course of employment." In this case the Commission, after reviewing all

the facts, found that Robbins, at the time he was killed, "was not acting within the scope of his employment." This finding of the Commission must be affirmed if it is supported by substantial evidence. *Wren* v. *D. F. Jones Construction Company,* 210 Ark. 40, 194 S. W. 2d 896; *White* v. *First Electric Cooperative Corp.,* 230 Ark. 925, 327 S. W. 2d 720. On this point, it cannot reasonably be contended that there is any lack of substantial evidence to support the findings of the Commission. It found, and we must agree, that Robbins "ended his day's work at approximately 10:00 to 10:30 a.m. on the morning of the day on which he met his death. At that time his duties of employment ended for the day. Nothing further was requested, expected, or needed of him. "The deceased's injury (death) did not occur while he was performing the duties of his employment; there was no connection between the conditions under which his work was required to be performed and his injury nor can the injury be traced to the employment as a contributing proximate cause." "The deceased's sole purpose in going upon the premises of the mill site was to cut stove wood for himself." To the above it may be added it appears from testimony that appellee was not interested in having this particular tree (or trees) cut down—he was only interested in having the tree (or trees) "girdled". Had the deceased not attempted to cut the tree obviously he would not have been killed.

Under numerous decisions of this court the above state of facts would call for an affirmance of this case. Impliedly, at least, appellant concedes the validity of the above statement because reliance on the "concurrent benefit" rule is invoked for a reversal. The essence of appellant's contention appears to us to be that the "rule" is applicable here and therefore calls for a reversal because the act of cutting the tree by Robbins was of some small, but doubtful, benefit to Jackson. We are unable to agree with this contention.

As before indicated we do not take the position that the "rule" is not sound when properly applied to a given state of facts. Our position is that such "rule" has no

application to the facts of this case, because it has been shown and found by the Commission, that Robbins was not in the course of his employment when he was killed.

In all of the cases cited by appellant the courts relied not only on some benefit to the employer but also on other facts and circumstances which placed the claimant within the scope of employment, and in each case the injury occurred during the time of employment. Those cases are distinguishable from the case under consideration on the facts.

In the *Wamhoff* case, the claimant was injured during regular working hours and the court found that the employer not only "should have anticipated the activities of respondent and other employees in doing private work, but that it encouraged such activities." In the *Phoenix* case, the employee was killed during work hours, and he was employed in an activity approved as a part of his employment. The same thing was true in the *Kimberly-Clark* case and in the *Tallent* case.

It appears to us that, to bring the facts of this case on a parallel with the facts in the above mentioned case, the facts here would have to be altered so as to show that Robbins was engaged in cutting or "girdling" trees as a part of his usual employment and at the time and place of such employment, and that he was killed while cutting a tree for his own private use for firewood. Some of the cited cases seem to also require a further showing that, in so doing, Robbins must be engaged in an activity recognized by Jackson as a customary procedure. Under the above supposed facts we can understand how an application of the "concurrent benefit" rule might be applicable and helpful, but not so under the facts and circumstances of this case. The "rule" cannot, we hold, be applied to circumvent the necessity of a claimant first showing that his injury arose out of *and* in the course of employment.

It therefore follows that the judgment of the trial court (affirming the Commission) must be, and it is hereby, affirmed.

Affirmed.

JOHNSON, J., dissents.