Mrs. Bette Sue WILLIAMS, et al.,
Appellants,

v.

CENTRAL FLYING SERVICE INC.,
et al., Appellees.

No. 5–2993.

Supreme Court of Arkansas.

May 27, 1963.

Patten & Brown, Little Rock, for appellant.

Wright, Lindsey, Jennings, Lester & Shults, Little Rock, for appellee.

McFADDIN, Justice.

This is a workmen's compensation case in which Mrs. J. R. Williams and her children, as claimants, seek to recover from Central Flying Service compensation because of the death of Mr. J. R. Williams, who perished in an airplane crash. The Central Flying Service, as the alleged employer, denied liability, claiming that Mr. Williams' death did not arise out of and in the course of his employment (§ 81–1305 Ark.Stats.).

Mr. J. R. Williams was a full-time police officer of the City of Little Rock, but was extremely interested in aviation; and sometimes when not on duty as a policeman, he was employed by the Central Flying Service (hereinafter called "Central") on a part-time basis. Central paid him $5.00 per hour as an instructor; and when he served as a pilot on a charter plane he received 20% of the gross revenue for the trip, plus $1.50 per hour for layover time. He had conducted a ground school for student flyers, but no charge for such appears on the books of Central. He held a commercial pilot's license, a private pilot's rating, an instru-

ment rating, and an instructor's rating. He wanted to qualify for a multi-engine rating, but had never done so.

On July 22, 1958 Mr. W. D. Hill, of the Civil Aeronautics Administration, was in Little Rock to examine James McClellan in a test flight with a multi-engine plane. The plane was owned by Central, but was loaned to Mr. McClellan for the test flight. Mr. Hill invited J. R. Williams and H. K. Gilbert to go on the test flight with him and James McClellan, since both Williams and Gilbert desired to eventually obtain a multi-engine rating. Mr. Hill requested Mr. Holbert, President of Central, for permission to take Williams and Gilbert on the flight, and such permission was granted. It was on this flight that the plane crashed, and all four of the occupants were killed. Mrs. Williams and her children claimed compensation from Central.

The Referee (Hon. J. R. Calhoun) held against the claimants; the Full Commission likewise held against the claimants; and the Circuit Court affirmed the Commission. At each stage of the proceedings there were briefs submitted, some of which are in the record before us. Also, the opinions of the Referee, the Commission, and the Circuit Court are in the record. Counsel for both sides have been diligent and thorough in researching the questions presented. On the appeal to this Court, appellants urge two points, which we will list, but treat together in our opinion:

"1. That the death of Jesse Ralph Williams arose out of and in the course of his employment, in that he was doing a thing which his contract of employment expressly or impliedly authorized him to do and that his presence upon the fatal flight was a concurrent or mutual benefit to the Appellee.

"2. That facts, not being in dispute, create a question of law and the Court on appeal determines the legal question."

The claimants insist: (a) that this particular flight was of substantial benefit to Central since by it Williams would gain information that could aid him in passing a test some time later for multi-engine rating; and (b) that because of this substantial benefit to it, Central is liable as an employer. Claimants cite our own cases of Fine Nest Trailer Colony v. Reep, 235 Ark. (Adv. Sheets) 411, 360 S.W.2d 189; Frank Lyon Co. v. Oates, 225 Ark. 682, 284 S.W.2d 637; and Robbins v. Jackson, 232 Ark. 658, 339 S.W.2d 417. Claimants also cite many cases from other jurisdictions, some of which are: Wamhoff v. Wagner Electric Corp., 354 Mo. 711, 190 S.W.2d 915, 161 A.L.R. 1454; Kimberly-Clark Co. v. Industrial Comm. et al., 187 Wis. 53, 203 N.W. 737; Tallent v. M. C. Lyle & Son, 187 Tenn. 482, 216 S.W.2d 7; Phoenix Indemnity Co. v. Industrial Accident Comm., 31 Cal.2d 856, 193 P.2d 745; Owens v. Bennett Air Service, 133 N.J.L. 540, 45 A.2d 320; Blair v. Shaw, 171 Kan. 524, 233 P.2d 731; Garris v. Peoples Service Drug Stores, Inc., 162 Va. 428, 174 S.E. 665; Younger v. Motor Cab Trans. Co., 260 N.Y. 396, 183 N.E. 863; and Chicago, W. & F. Coal Co. v. Industrial Comm., 303 Ill. 540, 135 N.E. 784.

On the other hand, Central claims that Williams went on the flight as an invitee of Hill; that Williams was not on duty for Central at the time; and that Central received nothing for the flight. Therefore, Central insists that the death of Williams did not arise out of and in the course of his employment, but arose only because Williams accepted Hill's invitation to accompany them as a guest on the flight. Central cites our own case of Woodmansee v. Frank Lyon Co., 223 Ark. 222, 265 S.W.2d 521; and cases from other jurisdictions, some of which are: Young v. Dept. of Labor and Ind., 200 Wash. 138, 93 P.2d 337, 123 A.L.R. 1171; Carroll v. Western Union, 170 Wash. 600, 17 P.2d 49; Davlin v. Texas General Indemnity Co., 254 F.2d 850 (C.A.5, 1958); Dr. Pepper Bottling Co. v. Chandler, 224 Miss. 256, 79

So.2d 825; Taylor v. Taylor Tire Co., Ky., 285 S.W.2d 173; McQuerry v. Smith St. John Mfg. Co., 240 Mo.App. 720, 216 S.W. 2d 534; Miller v. Greene Co., 171 Pa.Super. 494, 90 A.2d 262; Industrial Comm. v. Messinger, 116 Colo. 451, 181 P.2d 816; Stuhr v. State Ind. Accident Comm., 186 Or. 629, 208 P.2d 450; Texas Employers Ins. Assn. v. Stillwell, Tex.Civ.App., 307 S.W.2d 271; and Butler v. Nolde Bros., 189 Va. 932, 55 S.E.2d 36.

It would unduly extend this opinion to analyze the cases cited by each side, or to undertake to differentiate, on the facts, the various cited cases from the case at bar. After a thorough review of all of the cases, and our own research,[1] we hold that, from all of the evidence and circumstances developed in this case, it was for the trier of the facts to draw the inferences and reach the conclusion as to whether the death of Mr. Williams arose out of and in the course of his employment; and we cannot say that such conclusion is without evidence to support it. We like the statement by Professor Larson in his splendid treatise on "The Law of Workmen's Compensation," Vol. 1, § 27.31(a):

"When an employee, by undertaking educational or training programs, enhances his own proficiency in his work, he does in a sense benefit his employer. On the other hand, self-improvement is primarily the employee's own concern. Obviously the ambitious clerk who is burning the midnight oil studying to become an accountant cannot expect workmen's compensation if his lamp blows up."

In the case at bar, Williams was a full-time paid employee of the Little Rock Police Department; and learning to fly an airplane might be of some advantage to the Little Rock Police Department; but it is not claimed that such outside activities of Williams could make the Little Rock Police Department liable under any theory of workmen's compensation law. Likewise, if Williams obtained a license to fly a multi-engine plane, it might have benefitted Central, if Williams had remained with Central; but it seems to us that the connection between this particular flight and the benefit to Central is a question, the nearness or the remoteness of which rested with the trier of the facts, who found that the death of Williams did not arise out of and in the course of his employment.

Affirmed.

JOHNSON, J., dissents.

[1]. Attention is called to the general discussion in 58 Am.Jur. 716 et seq. "Workmen's Compensation" § 209 et seq.; to the annotation in 123 A.L.R. 1176, "Injury to employee while engaged in an effort beyond the scope of his duties to increase his value to employer as one arising out of and in the course of his employment"; and to comment note in 161 A.L.R. 1461, entitled: "Accidental injury to employee while doing private work for his own benefit, following a continued practice in that regard, in employer's plant."