J. & G. CABINETS, Employer; ST. PAUL
INSURANCE CO., Insurance Carrier *v.*
Tony HENNINGTON, Employee

CA 80-77                        600 S.W. 2d 916
Court of Appeals of Arkansas
Opinion delivered June 18, 1980
Released for publication July 8, 1980

*Davis, Bassett, Cox & Wright*, for appellants.

*Evans, Ludwig & Evans*, by: *James E. Evans, Jr.*, for appellee.

JAMES H. PILKINTON, Judge. This workers' compensation claim involves an injury which occurred during appellee's lunch hour. The issue presented on appeal is whether, upon the record, appellee's injury could properly be found to have arisen out of and in the course of the employment.

The material facts in this case are not in dispute. Appellant J. & G. Cabinets was in the business of manufacturing wood cabinets at Springdale, Arkansas, and Tony Hennington, a high school senior, was employed on a part-time basis under a work-study program. J. & G. Cabinets allowed the employees to use the shop machines during breaks for meals, and at other periods on the employees' own time.

Hennington worked a split shift from 1:45 p.m. to 9 p.m., with an hour off for an evening lunch from 5 p.m. to 6 p.m. On September 27, 1978, appellee used his meal break to cut out a gun stock for his personal use. While using the appellant's saw, appellee sustained an injury to his right index finger. Appellants denied a claim for workers' compensation benefits contending the injury did not arise out of and in the course of his employment. A hearing was held before an administrative law judge who found appellee's injury did arise out of and in the course of his employment. On appeal, the Worker's Compensation Commission affirmed and adopted in full the findings, conclusions and award of the administrative law judge. The appellants have appealed from the decision of the Commission. The sole issue here is whether there is substantial evidence to support the finding and award of the Arkansas Workers' Compensation Commission that appellee's injury arose out of and in the course of employment with appellant J. & G. Cabinets.

It is undisputed that when the appellee was injured he was engaged in a project of his own during his evening lunch hour. He was, however, on his employer's premises, and using his employer's machinery and electricity in an enterprise which had been expressly permitted by the employer; and

which was consistent with the customary practice of the employer to allow employees to use the shop equipment on personal projects.

The evidence shows that the appellee was hired under a work-study program, and that it was understood he was expected to become familiar with the operation of various machines in the establishment. The Commission found that although appellee was not required to remain at his place of work during the lunch break, by voluntarily doing so he continued to be under the guidelines of his employment relationship; and that he was injured as a result of the use of equipment furnished and controlled by the employer. It is clear that appellee had permission to use the shop tools for the purpose involved.

For reversal appellants rely on *Robbins* v. *Jackson*, 232 Ark. 658, 339 S.W. 2d 417 (1960) and *West Tree Service, Inc.* v. *Hopper*, 244 Ark. 348, 425 S. W. 2d 300 (1968). Those cases are distinguishable from the one before us on the facts. It is at once apparent that the circumstances which prevented recovery in *Robbins* v. *Jackson, supra*, and *West Tree Service* v. *Hopper, supra*, are not present in the case before us. Also here the Commission made factual findings in favor of the claimant. The elements mentioned in the *West* case as necessary before a claim of this type could be considered compensable are shown by the evidence to be present in the case before us. See *Lofland Co.* v. *Simpkins*, 247 Ark. 850 at 853, 448 S.W. 2d 39 (1969).

Activities of a personal nature, not forbidden but reasonably to be expected, may be a material incident of the employment and injuries suffered in the course of such activities are compensable. The fact that the injury is suffered during a lunch break, when the employee is not required to be on the premises, does not alter this principle. The controlling issue is whether the activity is reasonably expectable so as to be an incident of the employment, and thus in essence a part of it. *Maheaux* v. *Cove-Craft, Inc.*, 103 N.H. 71, 164 A. 2d 574 (1960).

A claimant before the Workers' Compensation Commis-

sion must prove that the injury sustained was the result of an accident arising out of and in the course of employment. The phrase "arising out of the employment" refers to the origin or cause of the accident and the phrase "in the course of the employment" refers to the time, place, and circumstances under which the injury occurred. *Bass* v. *Mecklenburg County*, 258 N.C. 226, 128 S.E. 2d 570. In order for an injury to arise out of the employment, it must be a natural and probable consequence or incident of the employment and a natural result of one of its risks.

There is substantial evidence here to support the Commission's finding that the appellee's injury "arose out of" his employment for compensation purposes since the injury resulted from a risk to which the appellee's employment exposed him. The further determination of the Commission that the injury occurred "in the course of" the appellee's employment was also warranted by the evidence. The testimony in this case not only shows that the use appellee was making of the employer's machinery was known to the employer and was a permitted use, but also that under the terms upon which the appellee was hired it was a use encouraged by the employer as a condition of the employment. See Annot., 161 A.L.R. 1461; 1A Larson, *Workmen's Compensation Law*, § 27.31(b). So the employer here not only authorized the use of the shop equipment by the employees but actually encouraged it. It was something that almost all employees took advantage of and was not unusual or peculiar to this particular claimant.

On this record there is evidence to support the Commission's conclusion that appellee's activities in this case were such which could not "rightly be called a leaving of the employment." *Maheux* v. *Cove-Craft, Inc., supra*; 1A Larson, *Workmen's Compensation Law*, § 20.20.

Appellant argues that the practice of the employer in letting employees use the shop equipment was for the benefit of the employees only, and did not ensue to the benefit of the employer in any manner. The employer testified that it was hard to keep employees, good or bad. He said that the policy of letting employees use the shop equipment on their own

time would possibly help him retain an employee that he would otherwise lose. The question of benefit to the employer may be a close one. In fact, this whole case presents a close question of causation. But be that as it may, it seems to us that the benefits, if any, to J. & G. Cabinets, the employer, and the nearness or remoteness of the employment as a cause of this injury, were matters of fact the determination of which rested with the Commission. *Williams* v. *Central Flying Service, Inc.*, 236 Ark. 709, 368 S.W. 2d 87 (1963). The Workers' Compensation Commission found that this accident did arise out of and in the course of the employment. As we find substantial evidence in the record to support this determination, it is our duty to affirm.

In deciding this case we do not enunciate a set of rules that will be applicable to all so-called "lunch break" cases. In affirming the decision of the Arkansas Workers' Compensation Commission, we simply hold that, under the circumstances of the present case, there is ample evidence in this record to support the finding of the Commission that the injury sustained was the result of an accident arising out of and in the course of employment.

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Judge, dissenting. I respectfully dissent. I would reverse this case as I cannot agree that an employee who injures himself by working on his own time, for his own aims and diversions, in which the employer has no conceivable interest or benefit, can be said to have incurred an injury arising out of and *in the course* of his employment. No advantage in any real sense was derived by the employer from the activity of the employee at the time of his injury so as to enable one to say that the ends of the employer were somehow served. It is not even contended that the employee acquired greater skill by his off-time use of the machinery so that the employer would have ultimately benefitted by the increased skill of the employee.

The end result of such a holding is that employees could lose some of the benefits they may now enjoy, as employers

will presumably be more likely to preclude any permissive use of company facilities rather than undergo additional risk of injury.