IN THE COURT OF APPEALS


| | | |
|---|---|---|
| THOMAS FAIN DALTON, | ) | McMINN CIRCUIT |
| | ) | C. A. NO. 03A01-9606-CV-00201 |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. EARLE G. MURPHY |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| LINDA FAYE DALTON, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |


GEORGE H. WATERS, Maryville, for Appellant.

DONALD B. REID, Athens, for Appellee.


O P I N I O N


McMurray, J.

In this divorce case, the appellant (wife) has appealed from the final divorce decree and division of marital assets by the Circuit Court for McMinn County.

The wife presents the following issues for our consideration:

1. Whether the trial court erred by failing to designate which part of the remaining fire insurance proceeds was separate property and which part was marital property before determining an equitable division of the parties' fire insurance proceeds.

2. Whether the trial court erred by failing to make a division of the parties' fire insurance proceeds that was equitable considering the particular facts and circumstances as is required by statute.

3. Whether the trial court erred by awarding an insufficient amount of rehabilitative alimony to the Defendant in consideration of the intent and guidelines for rehabilitative alimony set forth by statute as applied to the particular circumstances of the parties.

4. Whether the trial court erred by failing to order Plaintiff to maintain adequate life insurance of $250,000 in children's favor to insure the continuation of child support.

5. Whether the trial court erred by granting the divorce to Plaintiff on the grounds of inappropriate marital conduct.

The wife basically argues in the first two issues that the division of the marital property was inequitable. The distribution of marital property is governed by Tenn. Code Ann. § 36-4-121(c). Further, it is well-settled that an equitable division is not necessarily an equal one. Trial courts are afforded wide

2

discretion in dividing the interest of parties in jointly owned property. Harrington v. Harrington, 798 S.W.2d 244 (Tenn. App. 1990); Fisher v. Fisher, 648 S.W.2d 244, 246 (Tenn. 1983). Accordingly, the trial court's distribution will be given great weight on appeal, Edwards v. Edwards, 501 S.W.2d 283, 288 (Tenn. App. 1973), and will be presumed correct unless we find the preponderance of the evidence is otherwise. Lancaster v. Lancaster, 671 S.W.2d 501, 502 (Tenn. App. 1984) and Barnhill v. Barnhill, 826 S.W.2d 443 (Tenn. App. 1991).

Shortly before the parties separated, their home and its contents were completely destroyed by fire. The parties received several payments from their insurance company, but at the time of the hearing for divorce, approximately $63,750.00 had not been divided by the parties. At the time of the fire, the wife's mother was living with the parties. Consequently, the wife filed a motion to join her mother as an indispensable party, and the division of fire insurance proceeds was delayed until all proper parties could be brought before the trial court. All other matters were resolved. The hearing on the division of the insurance proceeds was held on January 16, 1996. That hearing also addressed the wife's motion to alter or amend the final decree. At the time of that hearing, the parties had used $6,550.25 to replace certain items, so the remaining fund to be divided was $56,949.75. The husband claimed that his mother-in-law, who was unable to attend the

3

hearing due to health problems, was entitled to $10,250.00.[1]  The wife argued that her mother's property was worth more.  The trial judge awarded the wife's mother $10,351.00, $26,505.32 to the wife, and $20,504.06 to the husband.[2]

The wife in her first issue argues that the trial court erred by making a division of the parties' remaining fire insurance proceeds before determining what portions of the fire insurance proceeds were separate properties as opposed to marital property. The wife maintains that more than $7,000.00 of the proceeds represented compensation for her separate property. She correctly argues that separate property must be determined before reaching an equitable division according to Tenn. Code Ann. § 36-4-121 (c), supra. See Batson v. Batson, 769 S.W.2d 849, 856 (Tenn. App. 1989).

The husband maintains that the trial court did account for the separate property of the parties although the court did not specifically set out what portion of the property was separate and what portion was marital. The husband also claims that the wife received substantially more money from proceeds earlier distributed to the parties from the insurance company before the final

---

[1]Husband valued the wife's mother's property at $16,962.82. The insurance company paid 60.4% of the total value the parties had claimed, which would entitle the mother to approximately $10,250.00.

[2]The awards to the husband and wife included $205.32 to each in accumulated interest.

4

division. The issue of the amount of money previously distributed was hotly contested. The wife claims that the money previously distributed was for living expenses after the fire, and thus is not properly considered in the final division.

The trial court made no specific finding at the final hearing whether the proceeds from insurance distributed earlier were properly divided or distributed. The court simply noted "I don't think there's any dispute in this amount of money, or it doesn't really matter to whose benefit it went ... because it's not included in the money to be divided."

We have reviewed the testimony elicited at the final hearing concerning the earlier distribution of proceeds, and find the testimony of the parties to be conflicting as to the nature of the prior disbursements. Under these circumstances, we will defer to the judgment of the trial court. On appeal from a non-jury judgment, this Court must generally defer to the finding of the trial court as to the weight and credibility of witnesses who testified in person. <u>Duncan v. Duncan</u>, 686 S.W.2d 568 (Tenn. App. 1984). Further, since the record is silent as to whether the trial judge, in his division of the property, first determined the value of separate properties, there is no error. A public official, in the absence of proof to the contrary, is presumed to do his duty. See <u>State ex rel. Biggs v. Barclay</u>, 188 Tenn. 26, 216 S.W.2d 711

5

(Tenn. 1948). Therefore, in the absence of evidence showing otherwise, we must presume that the trial judge correctly and adequately considered all evidence on all issues properly presented.

The wife raises as a second issue whether the division of the fire insurance proceeds was equitable under the circumstances. Specifically, she claims she was entitled to substantially more than half of the insurance proceeds due to her contributions to the marriage, i.e., being a full time homemaker as opposed to pursuing a career in medicine.[3] She also claims that she was required to spend large amounts of time preparing the list of the family's belongings after the fire for the insurance company. We have reviewed the record and the judgment of the trial court, and do not find that the court's division was inequitable or contrary to the preponderance of the evidence. It is well-settled law that the trial court has wide discretion in adjudicating the parties' rights and interests in the marital estate, and that the trial court's findings are entitled to great weight on appeal. See e.g., Batson, supra. It is well-settled law that the division of marital property must merely be an equitable one and not necessarily an equal division. We find no error in the court's division of the property.

_____

[3]Mrs. Dalton has extensive post-graduate work, and has completed a significant portion of medical school.

6

Appellant's third, fourth and fifth issues concern matters that were ruled upon by the trial court in the earlier hearing.[4] Although the wife raises these issues on appeal, we have neither a transcript nor statement of the evidence in the record concerning that hearing. "In the absence of a portion of the record, we must conclusively presume that the findings of the trial court are supported by evidence heard in the trial court." J.C. Bradford & Co. v. Martin Construction Co., 576 S.W.2d 586, 587 (Tenn. 1979). We are therefore unable to reach the merits of these issues, but must conclusively presume that the evidence presented justified the judgment of the trial court. See In re: Rockwell v. Arthur, 673 S.W.2d 512 (Tenn. App. 1983).

The judgment of the trial court is affirmed in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____

---

[4]Appellant's fourth issue concerning life insurance on the husband was mentioned in the 1996 hearing. However, no proof was introduced, and the trial court refused to alter or amend its 1995 decision.

Charles D. Susano, Jr., Judge.

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| THOMAS FAIN DALTON, | ) | McMINN CIRCUIT |
| | ) | C. A. NO. 03A01-9606-CV-00201 |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. EARLE G. MURPHY |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| LINDA FAYE DALTON, | ) | MODIFIED IN PART, AFFIRMED AS |
| | ) | MODIFIED AND REMANDED |
| Defendant-Appellant | ) | |

**JUDGMENT**

This appeal came on to be heard upon the record from the Circuit Court of McMinn County and briefs filed on behalf of the respective parties. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.

PER CURIAM