MCKEEHAN *v.* ALUMINUM COMPANY OF AMERICA.

[No. 1268A202. Filed September 23, 1969. No petitions for rehearing or transfer filed.]

320

*John C. Cox*, of Evansville, for appellant.

*William T. Fitzgerald, Fitzgerald, Buthod, Bowers, Harrison & Kent*, of Evansville, for appellee.

COOPER, J.—This matter comes to us for a judicial review of a finding made by the majority of the Full Industrial Board of Indiana, which denied an award to the appellant.

The claimant herein filed his Form 9 application with the Industrial Board of Indiana. After a hearing, Member G. Richard Pile made the following findings:

> "That on the 28th day of June, 1965, the Plaintiff was in the employ of the Defendant at an average weekly wage of $80.00 or in excess of the maximum; that on said date he sustained personal injury by reason of an accident arising out of and in the course of his employment with the Defendant herein, of which said accidental injury the Defendant had knowledge and did furnish the statutory medical attention and supplies; that this said accidental injury consisted of an injury to Plaintiff's left cheek and neck; that Plaintiff sustained no temporary total disability as a result of said accidental injury.
>
> "It is further found that the said Plaintiff's injury has reached a permanent and quiescent state and that as a result of said accidental injury, the said Plaintiff has sustained a disfiguring scar on his left cheek and neck which may impair his future usefulness or opportunities to the extent of twenty (20) weeks; that prior to the filing of the Plaintiff's application, a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between said parties.
>
> "Said hearing member now finds for Plaintiff against the Defendant on Plaintiff's Application Form 9 of the Adjust-

ment of Claim for Compensation filed on the 10th day of March, 1967.

"AWARD

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Industrial Board of Indiana that there be awarded the Plaintiff as against the Defendant, compensation at the rate of $45.00 per week for a specific period of twenty (20) weeks, beginning the 28th day of June, 1965, for a disfiguring scar on Plaintiff's left cheek and neck on account of said accidental injury.

"It is further ordered that all deferred payments of comsation shall be brought up to date, paid in cash and in a lump sum.

"It is further ordered that the Defendant shall pay the costs, if any, taxed in said cause, and attorney fees.

"It is further ordered that the fee of Plaintiff's attorney shall be: a minimum filing fee of $25.00 and in addition thereto, 20% upon the first $1,000.00 recovered; 15% upon the second and third $1,000.00 recovered; and 10% upon all sums in excess thereof; said fees to be paid by the Defendant direct to Plaintiff's attorney, Mr. John C. Cox, with credit to the Defendant against the compensation awarded Plaintiff in accordance with this award.

"Dated this 11th day of April, 1968."

Thereafter, the appellee filed an application for a review of the original award by the Full Industrial Board (Form 16). On the 9th day of October, 1968, the Full Industrial Board, after reviewing the written transcript of evidence and the arguments of counsel, made the following findings of fact, which reversed the award given by the single hearing member:

"That on the 28th day of June, 1965, the Plaintiff was in the employ of Defendant at an average weekly wage of $80.00 or in excess of the maximum; that on said date, he sustained personal injury by reason of an accident arising out of and in the course of his employment with Defendant herein, of which accidental injury the Defendant had knowledge and did furnish the statutory medical attention and supplies; that this said accidental injury consisted of an injury to Plaintiff's left cheek and neck that plaintiff sustained no temporary total disability as a result of said accidental injury.

"It is further found that the said plaintiff's injury has reached a permanent and quiescent state and that as a result of said accidental injury, the said Plaintiff has sustained a disfiguring scar on his left cheek and neck; that there is no evidence that such scar may impair his future usefulness or opportunities; that prior to the filing of Plaintiff's application, a good faith effort was made by said parties to adjust said claim, which efforts resulted in a disagreement between said parties.

"Said Full Industrial Board of Indiana now finds for the defendant and against the Plaintiff on Plaintiff's Application Form 9 for the Adjustment of Claim for Compensation, filed on the 19th day of March, 1967.

## "AWARD

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED, by the full Industrial Board of Indiana that the Plaintiff shall take nothing by his Form 9 Application for the Adjustment of Claim for Compensation, filed on the 10th day of March, 1967.

"Dated this 6th day of November, 1968."

The sole error assigned by the Claimant is that "The award of the Full Industrial Board of Indiana is contrary to law."

The issue thus presented to this Court is whether there was any evidence of probative value which would entitle the claimant to an award under the provisions of Burns' Indiana Statutes Anno. (1965 Repl.) Sec. 40-1303 (b) (7) on the basis that his alleged permanent facial disfigurement impaired his future usefulness or opportunities.

Burns' Indiana Statutes, Anno. Sec. 40-1303 (b) (7) (1965 Repl.) reads as follows:

"In all cases of permanent disfigurement, which may impair the future usefulness or opportunities of the employee, compensation, in the discretion of the industrial board, not exceeding two hundred (200) weeks, except that no compensation shall be payable under this paragraph where compensation is payable elsewhere in section 31 (this section)."

This Court, in the case of *Mathews, By Next Friend, etc.*, v. *Jim and Ed's Service Station* (1964), 136 Ind. App. 28, 32, 196 N. E. 2d 282, stated:

"We recognize that the 'compensation act' should be liberally construed on behalf of the claimant; however, such liberal construction does not relieve the claimant from the burden of establishing by evidence of probative value every ultimate fact essential to recovery on his claim, and in order to legally justify the Industrial Board in granting an award. See, *Stanley* v. *Riggs Equipment Co., Inc.* (1961), 133 Ind. App. 86, 178 N. E. 2d 766; *Ziegler* v. *Tipton Lumber Co.* (1958), 128 Ind. App. 249, 147 N. E. 2d 679; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 96, 21 N. E. 2d 65."

The Claimant herein relies heavily on the case of *Calumet Paving Co.* v. *Butkus* (1943), 113 Ind. App. 232, 47 N. E. 2d 829, wherein the court stated at page 237:

"The permanency of the disfigurement having been established, it was proper for the Industrial Board to observe the Appellee's condition and from his appearance, *together with the evidence heard,* to draw its conclusions as to the extent to which the disfigurement had impaired the future usefulness or opportunities of the appellee." (Our emphasis)

In the *Calumet Paving Co.* case, the undisputed evidence showed that in addition to the personal observation by the Board, the Claimant testified that he was an experienced butcher and retail clerk, and that since the accident he had been unable to obtain employment as a butcher or clerk because of his appearance, although he had applied for such work from several merchants. Some of these merchants had even remarked at his appearance.

In reviewing the record in this case, however, we find that it does not contain any such evidence. In fact, we note that the Industrial Board in its findings stated "There is no evidence that such scar may impair his future usefulness or opportunities." Since the Claimant herein failed to produce any evidence to show that his future useful-

ness or opportunities might be impaired by reason of his scar, the Full Industrial Board quite properly reversed the award previously made by the hearing member.

In the case of *Rauh & Sons Fertilizer Co.* v. *Adkins et al.* (1955), 126 Ind. App. 251, 260, 129 N. E. 2d 358, this Court, concerning findings made by the Industrial Board stated:

"The Industrial Board may not only weigh the evidence, but may also draw reasonable inferences from such facts as it seems established thereby. When the industrial board has discharged its duty in this regard and reached a conclusion as to the ultimate facts which have and have not been established and embodied such conclusions in a finding of fact as required by statute, this court must accept the facts so found as true, unless the evidence is of such conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion, we may not weigh the evidence nor disregard any reasonable inference which the Board may have drawn from the facts which the evidence tends to establish. *George* v. *Interstate Metal Products* (1955), 125 Ind. App. 406, 126 N. E. 2d 258."

For all of the above and foregoing reasons, we cannot say, as a matter of law, that the award of the Industrial Board is contrary to law, and under such circumstances, we must affirm its award.

The award of the Industrial Board is affirmed. Costs taxed against Appellant.

Lowdermilk, P.J., Carson and Sullivan, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 761.