NOTE.—Reported at 352 N.E.2d 502.

RUPERT ECKERT, JR. *v.* YELLOW FREIGHT SYSTEMS, INC.

[No. 2-574A125. Filed July 30, 1976.]

*Darrel K. Peckinpaugh, Warner, Peckinpaugh & Warner,* of Muncie, for appellant.

*Robert T. Buehl, Rhoads, Meyer, Buehl & Cutter,* of Indianapolis, for appellee.

## CASE SUMMARY

LOWDERMILK, J.—The instant case was transferred from the Second District to this office on July 20, 1976, in order to lessen the disparity in caseloads between the Districts.

Plaintiff-appellant, Rupert Eckert, Jr. (Eckert) appeals from a judgment of the Full Industrial Board in favor of the defendant-appellee, Yellow Freight Systems, Inc. (Yellow).

We affirm.

## FACTS

Eckert received on September 2, 1969, injuries to his person including a broken collar bone while in the course of his employment. He also sustained severe lacerations to the face and scalp which required 265 stitches to close. The collar bone was set, Eckert was awarded 10% of the man as a whole, and medical expenses were paid until January, 1972, at which time Eckert was released to return to work. Thereafter, in August of 1972 and January of 1973 he received cosmetic surgery to his face. Yellow did not pay for the bills incurred for cosmetic surgery which totalled $2,524.87.

## ISSUE

The only issue presented to this court is: Whether Yellow should be required to pay for Eckert's medical expenses arising out of the operation of August, 1972, and January, 1973.

## DISCUSSION

Inasmuch as Eckert was operated on in August, 1972, and January, 1973, while the Board's order was made on March 16, 1973, it is apparent that Yellow Freight's responsibility for the operations is governed by the first paragraph of IC 1971, 22-3-3-4 (Burns Code Ed.):

> "After an injury and prior to an adjudication of permanent impairment, the employer shall furnish or cause to be furnished, free of charge to the employee, an attending physician for the treatment of his injuries; and in addition thereto such surgical, hospital and nursing services and supplies as the attending physician or the industrial board may deem necessary. . . ."

Therefore, this issue depends on whether Dr. Davidson deemed the operation necessary. He testified:

> "Q. And after this examination on the 4th day of January, did you have any recommendation as to further treatment of these scars, Doctor?
> A. Yes, we advised the patient that the scars could be dramatically improved by excision and using the multi-

ple 'W' plastic type closure to eliminate the pigmentation and their contractures and their depressed situation and, that approximately six months after this initial procedure, the scars could be practically eliminated by dermabrasion."

The Board could have found, from this testimony, that Dr. Davidson considered it advisable but not necessary that Eckert undergo the cosmetic surgery.

Eckert admitted that the purpose of the operations was to restore his face to its pre-accident condition.

The Board expressly found, *inter alia*:

"It is further found that Dr. Dale A. Davidson rendered medical services to the plaintiff in the form of plastic surgery for the purpose of improving the facial scars, eliminating their pigmentation in August of 1972, and then lastly practically eliminating the scars by dermabrasion in January, 1973.

"It is further found that the treatments rendered plaintiff by Dr. Dale A. Davidson in August 1972 and January 1973, were in the nature of cosmetic surgery and not to reduce impairment."

Such findings are sufficient if they enable this court to intelligently review the Board's decision. *Rivera* v. *Simmons Co.* (1973), 157 Ind. App. 10, 298 N.E.2d 477.

The Board's findings show that it considered the operation not to be necessary to permit Eckert to work.

This court can only consider the findings and award of the Industrial Board on review in light of controlling precedents, to accept and consider only the evidence most favorable to the appellee (Yellow). *Campbell* v. *Kiser Corp. and Diecast, Inc.* (1965), 137 Ind. App. 366 at 370, 208 N.E.2d 727.

Further, Eckert testified before the single Board member *inter alia*:

"Your purpose is to restore your face as it was prior to the accident?

That's—yes."

Eckert further testified he wanted to have his scars removed if the company (Yellow) was paying for it. He did not say they were an impairment to him. Yellow cites the case of *McKeehan* v. *ALCOA* (1969), 145 Ind. App. 319 in furtherance of its position that the single hearing member and the full Board were each correct in their findings. The *McKeehan* court, at page 323, cited the case of *Calumet Paving Company* v. *Butkus* (1943), 113 Ind. App. 232, 47 N.E.2d 829, and quoted from page 237 as follows:

> " 'The permanency of the disfigurement having been established, it was proper for the Industrial Board to observe the Appellee's condition and from his appearance, *together with the evidence heard,* to draw its conclusions as to the extent to which the disfigurement had impaired the future usefulness or opportunities of the appellee.' (Our emphasis.)"

*McKeehan* deals with IC 1971, 22-3-3-10 (b) (7). The relevant portions of that section state:

> " (7)  In all cases of permanent disfigurement, which may impair the future usefulness or opportunities of the employee, compensation, in the discretion of the industrial board, not exceeding two hundred [200] weeks, except that no compensation shall be payable under this paragraph where compensation is payable elsewhere in IC 1971, 22-3-3-10 [this section]."

Inasmuch as Eckert had not presented evidence that his disfigurement had impaired his future usefulness or opportunities and the plastic surgeon testified that the surgery to remove the scars was to help his looks and inasmuch as we may not weigh the evidence nor disregard any reasonable inference which the Board may have drawn from the facts which the evidence tends to establish we may not reach a contrary conclusion. (*McKeehan, supra*), at page 324. We are therefore constrained to hold that the Industrial Board correctly determined that Eckert was not entitled to recover for the expense of the operations had in August, 1972, and January, 1973.

## DECISION

The judgment of the Industrial Board is in all things approved and affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 351 N.E.2d 924.