S & S LP GAS CO., A CO-PARTNERSHIP, ET AL.,
APPELLANTS, V. ROBERT F. RAMSEY, APPELLEE.

272 N. W. 2d 47

Filed November 29, 1978. No. 41936.

Girard and Gale, for appellants.

Kenneth W. Payne, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from the Nebraska Workmen's Compensation Court.

Robert F. Ramsey, the appellee, was injured in a truck-train accident on April 15, 1974, while in the course and scope of his employment by S & S LP Gas Co., one of the appellants. Appellee was totally and permanently disabled by his injuries. The appellants paid his medical and hospital expenses together with full disability benefits of $80 per week. Appellee, after leaving the hospital, entered the Good Samaritan Village, a nursing home, where he has subsequently received necessary care and therapy. It appears from the evidence that at some time after April 1, 1976, the prospects for the cure and rehabilitation of the appellee had become entire-

ly negative. Appellee continued to be helpless and unable to perform any physical function without assistance and therapy is required on a maintenance basis, that is, to preserve his physical condition and mental attitude. It is not essential that the assistance to appellee be furnished by a doctor, nurse, or other medical person. The appellee, however, has no home and is unable to secure the necessary care and attention except at the Good Samaritan Village or at a similar facility.

On January 14, 1977, the appellants filed their petition with the Nebraska Workmen's Compensation Court setting forth the facts mentioned above and praying for an adjudication that they should not continue to be liable for the monthly custodial expense of the appellee to the Good Samaritan Village, or if appellants were required to pay such custodial expense, the monthly disability benefits accruing to the appellee should be reduced by the amount of such custodial expense.

A single judge held the initial hearing and found the above facts. He also found the monthly custodial expense for room, board, and laundry for the appellee at Good Samaritan Village was $185 and ordered that such amount be charged against the disability benefits due the appellee. On rehearing to the three-judge court, the following findings were made: That appellee suffered total and permanent disability from April 15, 1974; that he has achieved full healing, but needs assistance in eating, bathing, dressing, going to the toilet, and getting in and out of bed; that he needs nursing-type care on almost a 24-hour basis and special therapy to maintain his physical condition and positive mental attitude as provided by the Good Samaritan Village; that disability benefits are separate from hospital and medical benefits and may not be charged for any portion of such expense. Appellants were ordered to continue the payment of $80 per week disability benefits

together with the reasonable hospital, medical, custodial, and nursing home charges by the Good Samaritan Village. An appeal was taken to this court. We affirm the judgment.

The primary question sought to be raised by the appeal is whether or not an employer may be held liable for the care of a totally and permanently disabled employee after the time when maximum cure and rehabilitation have been achieved. This question was resolved in Spiker v. John Day Co., *ante* p. 503, 270 N. W. 2d 300, filed since the briefing and submission of the present action. The holding there was that, even though there was no present prospect of improvement of a condition of total and permanent disability or of further rehabilitation, the employer continues to be responsible for further nursing care and therapy under section 48-120, R. R. S. 1943.

It is conceivable that the possibility of cure or rehabilitation may be subject to reexamination in the light of medical progress or unexpected changes in the employee's condition. The means for dealing with this possibility are provided in the final paragraph of section 48-120, R. R. S. 1943, which provides: "The court shall have the authority to determine the necessity, character, and sufficiency of any medical services furnished or to be furnished and shall have authority to order a change of doctor, physician, hospital, or rehabilitation facility when it deems such change is desirable or necessary." The order of the compensation court is within the scope of the authority granted by the statute. If there are further developments either as to the condition of the appellee or as to the kind of care and treatment appropriate to that condition, a further order may be made by the compensation court.

Under section 48-185, R. S. Supp., 1976, no ground has been shown for modifying, reversing, or setting aside the order of the Nebraska Workmen's Compensation Court, and such order is affirmed.

Since the employer instituted the appeal to this court and did not secure a reduction in the award to the employee, an attorney's fee of $750 is allowed.

AFFIRMED.