373 So.2d 1371 (1979)
Ethel B. WHITAKER, Individually and as Administrator of the Estate of her minor child Jimmy Dell Whitaker
v.
CHURCH'S FRIED CHICKEN, INC.
No. 12714.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*1372 J. Arthur Smith, III, Baton Rouge, of counsel for plaintiff-appellant Jimmy Dell Whitaker.
Norman L. Haymer, Jr., Baton Rouge, of counsel for plaintiff-appellee Arthur Corker.
Frank A. Fertitta, Baton Rouge, of counsel for defendant-appellee Hayward Charles Batiste.
David W. Robinson, Baton Rouge, of counsel for defendant-appellee Fidelity & Cas. Co.
Henry D. Salassi, Jr., Baton Rouge, of counsel for defendant-appellee Church's Fried Chicken, Inc. and Fireman's Fund Ins. Co.
Kenneth E. Barnette, Baton Rouge, of counsel for intervenor-appellee Fireman's Fund Ins. Co.
Before ELLIS, LOTTINGER and LEAR, JJ.
LOTTINGER, Judge.
These consolidated suits seek workmen's compensation benefits and tort claims.
In suit no. 12714 Mrs. Ethel B. Whitaker, individually and as administrator of the estate of her minor child, Jimmy Dell Whitaker, sued Church's Fried Chicken, Inc. (Church's) and Fireman's Fund Insurance Company in workmen's compensation. Jimmy Dell Whitaker was substituted as party plaintiff upon reaching the age of majority.
In suit no. 12715, La.App., 373 So.2d 1375, Mrs. Ethel B. Whitaker, individually and as administrator of the estate of her minor child, Jimmy Dell Whitaker, sued Charles Batiste an employee of Church's and Fidelity and Casualty Insurance Company, the executive officer insurer of Church's. Upon reaching majority, Jimmy Dell Whitaker was substituted as party plaintiff.
Both suits will be handled in this opinion; however, we will render separate judgments.
*1373 The trial judge awarded workmen's compensation benefits of $25.00 per week for 75 weeks under the provisions of La.R.S. 23:1221(4)(p), with credit for compensation payments previously made. In the tort suit, judgment was rendered in favor of defendants, finding contributory negligence on the part of plaintiff. Whitaker has appealed both the tort action and the compensation claim; Batiste has answered the appeal in the tort suit; and Church's and Fireman's Fund have answered the workmen's compensation appeal.
The record points out that on April 27, 1976, Whitaker and a fellow employee, Corker, were carrying a small barrel of hot grease from inside the Church's store to be deposited in another barrel located outside. Each carried the barrel by handles on the side, but when they attempted to pour the grease, they placed their hands on the bottom of the barrel. Though Whitaker testified that the handles were not hot, the bottom of the small barrel was, and upon placing their hands thereon in order to tilt the small barrel for the purpose of pouring, their hands were burned, causing them to drop the small barrel resulting in injury to the plaintiff's hands and legs.
The trial judge in his oral reasons for judgment lists the following findings of fact:
"No. 1: Hayward C. Batiste, as store manager of a Church's Fried Chicken outlet, had the authority to hire and fire store employees;
"No. 2: He had the apparent authority to hire Jimmy D. Whitaker;
"No. 3: Jimmie D. Whitaker was an employee of Church's Fried Chicken, Incorporated;
"No. 4: Whitaker was injured while working in the course and scope of his employment;
"No. 5: Under Revised Statutes 23:1221, 4(p), Whitaker is entitled to compensation for a period of seventy-five (75) weeks, with credit being given for payments previously made;
"No. 6: The rate of compensation is fixed at Twenty-five ($25.00) Dollars per week;
"No. 7: The defendants were not arbitrary or capricious in discontinuing compensation payments, based upon medical reports."
The court further held that Whitaker was not disabled from performing work of the same or similar nature. Second, Batiste was found negligent in (1) failing to instruct them to use the insulated gloves, (2) failing to supervise and instruct Whitaker on the proper and safe method in which to dump the hot grease, and (3) instructing the dumping of the grease while it was still hot instead of following the usual procedure of allowing the grease to cool before it is dumped. The court went on to find that Batiste was not an executive officer of Church's. The trial judge found that plaintiff was contributorily negligent in that he knew or should have known that the grease was hot, and thus contributed to his injury by placing his hand on the bottom of the pot thus causing him to lose his grip and the grease to spill.
On appeal plaintiff-appellant asserts the trial judge erred in:
(1) holding that the plaintiff Jimmy Whitaker was contributorily negligent;
(2) holding that the defendant Haywood Charles Batiste was not an executive officer of Church's, and therefore not provided coverage by the policy of liability insurance written by Fidelity and Casualty Company;
(3) failing to award substantial damages against the defendant Haywood Charles Batiste and Fidelity and Casualty Company in solido;
(4) limiting the plaintiff's workmen's compensation benefits to 75 weeks for serious permanent disfigurement about the face and head and in failing to award plaintiff benefits for total and permanent disability, or alternatively, benefits for partial disability;

*1374 (5) excluding expert testimony as to plaintiff's education, training and experience, his realistic earning capacity and abilities, and the adverse effect the plaintiff's injury would have to compete in the labor market; and
(6) failing to award the plaintiff medical expenses.

ERROR NO. 1
Contributory negligence is conduct on the part of plaintiff that falls below the standard of a reasonable man in like circumstances. Though plaintiff testified during the trial that he did not know the barrel of grease was hot, he did testify in his deposition that Batiste told him and his co-worker that the grease was hot. The trial judge stated in his oral reasons for judgment "that both plaintiffs knew or should have known that the grease was hot." We find no error in this conclusion of the trial judge. Though plaintiff Whitaker testified that the handle to the small barrel was not hot, we believe it reasonable on the part of the trial judge to conclude that sufficient heat would have radiated from the top of the barrel to give some indication that the grease was hot, and thus it was negligence on the part of Whitaker and his co-worker to grab the bottom of the barrel for the purpose of tilting it without first testing to determine whether the barrel was hot or not. Since we have concluded that plaintiff-Whitaker was contributorily negligent, there is no need for us to discuss errors numbers 2 and 3.

ERROR NO. 4
The facts are clear that plaintiff-Whitaker has returned to the same type of work that he had at the time of his injury, janitorial work. Plaintiff-Whitaker has had at least two jobs subsequent to his injury doing similar work, and though he either quit or was terminated from these two jobs, such was not caused by his inability to perform the task assigned. At the time of trial he was doing janitorial work at the Baton Rouge Zoo. We do not find that any temporary itching caused by the permanent scars remaining after being burned by the hot grease affects in any manner his ability to perform his janitorial work.
The trial judge awarded $25.00 per week for 75 weeks as compensation benefits under La.R.S. 23:1221(4)(p). This was assigned as error by Church's and Fireman's Fund in answering the appeal. La.R.S. 23:1221(4)(p) provides:
"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks."
In his oral reasons for judgment the trial judge said in referring to this particular section of the workmen's compensation act that "when it refers to disfigurement about the face and head, does not limit recovery for disfigurement only to the face and head. This Court feels that the Act covers disfigurement to any part of the body which could be viewed by others under normal and ordinary circumstances. The scarring of plaintiff Whitaker is definitely permanent in nature and materially disfiguring." We agree that the scarring is permanent and disfiguring; however, we find the trial judge in error for awarding workmen's compensation benefits for scarring which permanently disfigures the plaintiff in any area other than the face or head. La.R.S. 23:1221(4)(p) is clear, and thus the legislative will to limit workmen's compensation benefits for permanent disfiguring scarring must be limited to the face or head.

ERROR NO. 5
Inasmuch as we have concluded that the plaintiff does not have any disability, we *1375 pretermit any further discussion of this specification of error.

ERROR NO. 6
Plaintiff argues that the trial judge was in error in failing to award future medical expenses for surgical treatments to correct his permanent disfigurement. Defendants, Church's and Fireman's Fund Insurance Company, the workmen's compensation carrier, argue that since plaintiff is not disabled, there is no further medical treatment necessary, nor required by law.
We do not agree that the trial judge was in error in not awarding future medical expenses. The jurisprudence of this state is clear that "the employer is only responsible for medical expenses as they accrue and, as they are actually incurred." Manuel v. Jennings Lumber Company, 248 So.2d 908 (La. App. 3rd Cir. 1971) writ denied, 259 La. 757, 252 So.2d 454 (1971).
However, we cannot agree with the position expounded by defendants Church's and Fireman's Fund, that the medical expenses are limited to that level necessary to alleviate any work disability occasioned by the accident.
La.R.S. 23:1203 in part provides that "the employer shall furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal." (Emphasis added).
We cannot believe that the legislature of this state could have ever intended that only that medical treatment necessary to alleviate the employee's disability was required to be paid. As in the instant case, where there is extensive scarring which does not cause any work disability, and which can be corrected by surgical procedure, we conclude that the legislature intended such to be covered by La.R.S. 23:1203. Therefore, we amend the judgment of the trial court to award future medical payments as they become necessary. See Andersen v. Eagle Asbestos Company, 355 So.2d 1082 (La.App. 4th Cir. 1978).
Therefore, in suit no. 12714, for the above and foregoing reasons the judgment of the trial court awarding workmen's compensation benefits of $25.00 per week for 75 weeks is reversed; the judgment of the trial court is amended to award in favor of plaintiff, Jimmy Dell Whitaker, and against Church's Fried Chicken, Inc. and Fireman's Fund Insurance Company, future medical payments as they become necessary; and in all other respects the judgment of the trial court is affirmed at defendants' costs.
AMENDED, REVERSED IN PART AND AFFIRMED.