## Mitchell G. LITTLE *v.* DELTA RICE MILL, INC. and CNA INSURANCE COMPANY

CA 83-206                                           667 S.W.2d 373

Court of Appeals of Arkansas
En Banc
Opinion delivered April 4, 1984
[Rehearing denied May 2, 1984.]

*Lightle, Beebe, Raney & Bell,* by: *A. Watson Bell,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case, the Commission, by a two to one[1] vote, held that the appellant, Mitchell Gene Little,[2] had failed to prove a causal connection between a fall suffered while in the employ of the appellee, Delta Rice Mill, Inc., and his subsequent disability and medical treatment. From that decision, comes this appeal.

The facts of this case are essentially undisputed. Mitchell Gene Little suffered a fall on May 12, 1981, and as a result of that fall was off work for approximately nine days. The appellees did not controvert the compensability of that accident. The appellant returned to work and was continuously employed by the appellee, Delta Rice MIll, Inc., until August 4, 1981. The testimony indicates that from the time of the initial fall until the time he quit work, the appellant suffered severe headaches, dizziness, and unsteadiness on his feet. He sought medical attention in August of 1981, and after consulting a neuro-surgeon, Dr. Thomas Miller, on September 4, 1981, a CT brainscan was performed on September 11, 1981, and a malignant brain tumor was discovered. The tumor was removed on September 17, 1981, and from that date until the appellant's death in August, 1983, he required medical treatments consisting of radiation therapy and other required treatments.

Both counsel agree that the medical testimony is critical to a disposition of this case. The administrative law judge, and the Commission's opinion view Dr. Miller's testimony as contradictory, while Commissioner Farrar's dissent finds no inconsistency in the testimony of Dr. Miller. Dr. Miller testified that, in his medical opinion, the tumor did not

---

[1]Commissioner Tatum concurred in the majority opinion written by Chairman Rotenberry. Commissioner Farrar, dissented.

[2]The appellant, Mitchell Gene Little, died on August 15, 1983. A motion to revive the cause of action in the name of his administrator was granted by this Court on September 28, 1983.

grow related to the fall suffered in May, 1981, nor did it become malignant with regard to the trauma, nor was the actual growth of the tumor actually accelerated as a result of the trauma. However, he testified that the fall and the blow to the appellant's head caused swelling in and around the tumor, which caused symptoms, *i.e.*, headaches, to arise sooner than they otherwise would have absent the trauma. Dr. Miller also testified that, in his medical opinion, these symptoms would not have arisen for a period of time, in his best judgment six months, without the trauma. He further testified that, based upon a reasonable degree of medical certainty, the May 12, 1981, fall aggravated or accelerated the tumor to the extent that it produced swelling and edema which caused symptoms and difficulties earlier than would have been present absent the fall.

It is uncontradicted that the appellant suffered no symptoms of dizziness, unsteadiness, or headaches prior to the fall on May 12, 1981; that the symptoms began immediately after the trauma, and did not cease, even though, for a period of approximately three months, the symptoms were not disabling; that with no additional trauma or intervening cause, the symptoms caused the appellant to become disabled in early August, 1981; that the medical testimony clearly indicates that the tumor itself suffered a traumatic injury, thereby causing it to become symptomatic earlier than it would have absent the trauma; and finally, that the trauma to the tumor was sustained by examination of the tumor following its removal, when Dr. Miller found dead tissue and stained fluid in and about the tumor.

It has long been the rule in Arkansas that a pre-existing disease or infirmity of an employee does not disqualify his claim under the requirement that the disability "arise out of the employment" where the employment aggravated, accelerated, or combined with the disease or infirmity to produce the disability for which compensation is sought. *Black* v. *Riverside Co.,* 6 Ark. App. 370, 642 S.W.2d 338 (1982).

It is worth observing that Dr. Miller noted that there was no history of any prior disability which preceded the

May 12, 1981 fall, and no other witness testified as to any disability which had disabled the claimant prior to that injury. Although Dr. Miller testified that the tumor pre-existed the injury, and in fact may have been present at birth or shortly thereafter, no symptoms or other evidence of its existence was evident until the fall precipitated the onset of symptoms which soon became totally disabling.

We recognize the standard of review which the law dictates this Court follow. On appeal, we are required to review the evidence in the light most favorable to the Commission's decision and uphold it if it is supported by substantial evidence. Before we may reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.,* 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman,* 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). On the facts of the case at bar, we cannot say that fair-minded persons could arrive at the conclusion found by the Commission. The chain of events from the fall suffered by the appellant on May 12, 1981, shows without doubt that, after considering the testimony of all witnesses, including the appellant's mother, and his treating neuro-surgeon, Dr. Miller, his disability and medical expenses were causally connected to the earlier fall. Dr. Miller's testimony clearly indicates that the trauma to the appellant's head accelerated the onset of disabling symptoms by as much as six months. That fact is uncontroverted since the fall hastened the appellant's disability, regardless of whether it would have occurred eventually anyway.

The case of *Claphan* v. *Great Bend Manor,* 5 Kan. App. 2d 47, 611 P.2d 180 (1980), is strikingly similar to the case at bar. In *Claphan,* the worker suffered a disc injury. She worked for approximately twelve days until the pain caused her to cease work. In the course of receiving medical treatment, a tumor was discovered. The medical testimony indicated that, as in the case at bar, the tumor was not the result of the work-related injury, but that the injury caused the onset of symptoms related to the tumor. The neuro-

surgeon's testimony in *Claphan* is remarkably similar to that in the case at bar. In *Claphan*, the doctor stated:

> "I would think that the tumor was there at that time, preexisting to that, that she probably had adequate room in the spinal canal for the tumor, that it had, you know, at that point wasn't causing severe pressure, but that the effect of lifting at that particular time may very well have exacerbated or caused that preexisting tumor to become symptomatic. That isn't all that terribly uncommon. I've seen patients who had a minor car accident — or one particularly fell out of a tree and hit his head, started having headaches, never had them before. Well, he had a brain tumor but, you know, the cause — the fall simply caused the tumor to become symptomatic. His pressure relationships in the head were just adequately balanced until that. I think that's what happened to her back."

The physician further stated that if the claimant had not had the accident, the tumor would have become symptomatic within approximately three to six months. The Kansas Court of Appeals, in considering the issue, noted that the medical testimony stressed that the injury did not cause the tumor, but pointed out that that was not the test. In so doing, the court stated ". . . the test is not whether the injury causes the tumor, but rather whether the injury aggravates or accelerates the condition . . ." The Kansas Court of Appeals reversed the administrative decision denying benefits and awarded full benefits.

We hold that the evidence in the case at bar is such that fair-minded persons could not conclude that the appellant's work-related injury did not accelerate and/or aggravate the onset of symptoms which caused his disability earlier than if he had not been injured on the job. Accordingly we reverse and remand to the Commission with directions to award benefits, both disability and medical.

Reversed and remanded.

CLONINGER and GLAZE, JJ., concur.