## CRAIN BURTON FORD CO. *v.*
## Jimmy Dale ROGERS

CA 83-353                                   674 S.W.2d 944

### Court of Appeals of Arkansas
### Division I
### Opinion delivered September 5, 1984

*Daggett, Daggett & Van Dover,* by: *Robert J. Donovan,* for appellant.

*The McMath Law Firm,* by: *Art Anderson,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Workers' Compensation Commission holding that the appellee's impotence was a result of a compensable back injury and that the surgical procedure for a prosthetic penile implantation was necessary medical treatment.

Appellee injured his back while working for appellant and underwent surgery in 1973. He subsequently developed bladder and bowel incontinence and impotence. It was determined that he was suffering from a demyelinating disease, thought to be either multiple sclerosis, primary lateral sclerosis, or amyotrophic lateral sclerosis. In a previous hearing the Commission had found that the disease had been either precipitated or aggravated by the back injury and that it was compensable. That decision was affirmed by the Arkansas Supreme Court in an unpublished opinion dated October 18, 1976.

As a result of that decision, appellee received treatment for his bladder and bowel condition. When these were stabilized to the greatest extent possible, treatment was begun for the impotence. After a series of tests, it was decided that the treatment of choice was a penile implant.

In this appeal the appellant's first argument is that there is no medical evidence in the record establishing a causal relationship between appellee's injury and his impotence. Appellee's doctors testified that the state of the art in testing is not yet sophisticated enough to determine with certainty that claimant's impotence is related to his back injury. However, appellee testified that he was 32 years old at the time of the accident, married, and had no problems of this nature prior to his injury. He said the impotence developed immediately after the injury and concurrently with numbness in his legs, the incontinence, and partial paralysis. While one doctor reported that he could not be "certain" that appellee's impotence was related to his injury, another doctor stated it was his opinion that the condition was secondary to appellee's preexisting disease and cited *McDaniel* v. *Hilyard Drilling Co.*, 233 Ark. 142, 343 S. W. 2d 416 (1961), for the proposition that disability

from such an aggravation is compensable. Moreover, it is not essential that the causal relationship between the accident and the disability be established by medical evidence, *Harris Cattle Co.* v. *Parker,* 256 Ark. 166, 506 S.W.2d 118 (1974), or that the evidence be medically certain, *Colonial Nursing Home* v. *Harvey,* 9 Ark. App. 197, 657 S.W.2d 211 (1983). We think there is substantial evidence to support the finding that there was a causal relationship between appellee's injury and impotence.

Appellant argues secondly that the medical procedure requested is not reasonable or necessary. Appellant says that since appellee has one child and there is no evidence that he desires any more, since he has been impotent for ten years and there is no evidence of any marital discord related to his condition, and since there is no evidence that appellee has suffered any psychological damage because of his impotency, the procedure is not medically necessary. Ark. Stat. Ann. § 81-1311 (Repl. 1960), in effect at the time of appellee's injury, provided in pertinent part:

> The employer shall promptly provide for an injured employee such medical, surgical, hospital and nursing service, and medicine, crutches, artificial limbs and other apparatus *as may be necessary* during the period of six [6] months after the injury, or for such time in excess thereof as the Commission, in its discretion, may require. [Emphasis added.]

There seem to be three schools of thought in regard to the issue before us. One line of cases allows medical treatment that will help restore the claimant's earning power. An example of such a case is *Los Angeles County* v. *Industrial Accident Commission of California,* 261 P. 295 (Ca. 1927), in which cosmetic surgery to repair disfigurement to claimant's eye and cheek was ordered to improve his appearance and increase his earning power. *See also Ranson* v. *Orleans Parish School Board,* 365 So.2d 937 (La. Ct. App. 1979) (wig allowed schoolteacher). *Cf. Eckert* v. *Yellow Freight Systems, Inc.,* 351 N.E.2d 924 (Ind. Ct. App. 1976) (cosmetic surgery refused for facial scars). Some workers' compensation statutes limit compensation for disfigure-

ment to the face and head. *See* Ark. Stat. Ann. § 81-1313 (g) (Repl. 1976). Under such a statute, *Whitaker* v. *Church's Fried Chicken, Inc.*, 373 So.2d 1371 (La. Ct. App. 1979), held it was error to award damages for disfigurement in an area other than the face and head.

A second line of cases requires the carrier to continue to pay for custodial care required as a result of the compensable injury even if no further improvement in the claimant's condition is expected. In *Hamilton* v. *Boise Cascade Corp.*, 370 P.2d 191 (Idaho 1962), a 72-year-old employee fell and broke his hip. It was replaced but complications set in and the hip prosthesis eventually had to be removed. Drugs, ambulance, prosthesis, doctor bills, and continuing nursing home care were all allowed as "reasonably required." *See also S & S LP Gas Co.* v. *Ramsey*, 272 N.W.2d 47 (Neb. 1978), in which it was held that the employer continues to be responsible for domiciliary custodial care of an injured employee even when no cure or rehabilitation is possible; and *Nallan* v. *Motion Picture Studio Mechanics Union, Local* #52, 375 N.Y.S.2d 164 (N.Y. App. Div. 1975), in which claimant, a paraplegic, was awarded $150 a week for nursing services performed by his wife, but was not entitled to an automobile to travel back and forth to work because it was not a medical apparatus or device.

A third line of cases allows compensation for measures that are merely palliative. In *Clark* v. *Fedders-Quigan Corp.*, 131 N.Y.S.2d 575 (N.Y. App. Div. 1954), the claimant was disabled by emphysema, an occupational disease. His doctor recommended a period of residence in a warm, dry climate to relieve his symptoms and make him feel better. The expense of his travel to Florida was allowed but not his living expenses while there. *Accord In re Levenson's Case*, 194 N.E.2d 103 (Mass. 1963). *See also Cook* v. *Georgia Grocery, Inc.*, 125 So.2d 837 (Fla. 1961), where there was evidence that a hemiplegic claimant would be happier at home and he was awarded compensation for the medical care, nursing services and appliances necessary to allow him to remain there even though it exceeded the cost of nursing home care. And under a workers' compensation statute almost identical to ours, the Oklahoma Supreme Court in *Akers Auto Salvage* v. *Waddle*,

394 P.2d 452 (Okla. 1964), determined that purely cosmetic surgery on a claimant's ears was reasonable and necessary even though he suffered no loss of hearing and the prognosis for the repair was poor. The claimant had suffered almost total avulsion of his right ear. His doctor stated that the disfigurement could be improved by plastic surgery reconstruction which would require setting back the normal ear to give an appearance similar to the reconstructed ear. The appellate court held that the matter of necessity and reasonableness of the recommended surgical procedure was a question of fact for determination by the industrial court.

The provisions of our workers' compensation act are to be construed liberally in favor of the claimant whenever "obscurity of expression or inept phraseology appears." *International Paper Co.* v. *Tidwell,* 250 Ark. 623, 466 S.W.2d 488 (1971). *See also Johnson* v. *Valmac Industries,* 269 Ark. 626, 599 S.W.2d 440 (Ark. App. 1980). Under the provisions of the act involved in this case the appellee was entitled to such medical and surgical services as "may be necessary." The administrative law judge found that the surgical procedure in question was "necessary" to restore claimant, as far as practicable, to the physical condition he enjoyed immediately preceding this injury. That finding was adopted by the Commission. Applying a liberal construction in claimant's favor, we cannot say the finding was wrong. We hold that the decision appealed from is supported by substantial evidence and within the proper exercise of the Commission's discretion.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.