GERBER PRODUCTS and ASSOCIATED INDEMNITY CORPORATION *v.* Dortha McDONALD

CA 85-55                                         691 S.W.2d 879

Court of Appeals of Arkansas
Division I
Opinion delivered June 19, 1985

*Warner & Smith*, by: *Wayne Harris* and *Gary Udouj*, for appellant.

*Lavey, Harmon & Barnett*, by: *John L. Burnett*, for appellant.

DONALD L. CORBIN, Judge. Appellants, Gerber Products, et al, appeal a decision of the Arkansas Workers' Compensation Commission finding appellee, Dortha McDonald, permanently and totally disabled as a result of a spider or other insect bite on her ankle at her place of employment which aggravated or accelerated a preexisting chronic circulatory or venous condition of her lower leg. We affirm.

In appellants' first point for reversal it is alleged that there is no substantial evidence to support a finding that the insect bite was an injury which arose out of and in the course of appellee's employment. The record reflects appellee adduced evidence indicating that she felt a sting on her leg while working in appellant Gerber Products' food processing plant on the squash line. Appellee's co-workers testified that they saw the red bump on her ankle and remembered appellee complaining of the bite and accompanying pain. It was uncontradicted that insects, snakes, frogs, birds and other varmints were observed in appellant Gerber Products' workplace. Dr. Carl Williams, appellee's treating physician, testified that appellee's subsequent symptoms were not inconsistent with a spider bite.

It is well settled that in order for appellee's disability to be compensable, she must prove that the injury sustained was the result of an accident arising out of and in the course of her

employment. "Arising out of the employment" refers to the origin or cause of the accident while the phrase "in the course of the employment" refers to the time, place and circumstances under which the injury occurred. *J. & G. Cabinets* v. *Hennington*, 269 Ark. 789, 600 S.W.2d 916 (Ark. App. 1980). There must be a causal connection between the accident and a risk which is reasonably incident to the employment. *Southland Corp.* v. *Hester*, 253 Ark. 959, 490 S.W.2d 132 (1973). There must be affirmative proof of a distinctive employment risk as the cause of the injury. The connection with the employment cannot be supplied by speculation. *Bagwell* v. *Falcon Jet Corp.*, 8 Ark. App. 192, 649 S.W.2d 841 (1983). It is not, however, essential that the causal relationship between the accident and disability be established by medical evidence. *Crain Burton Ford Co.* v. *Rogers*, 12 Ark. App. 246, 674 S.W.2d 944 (1984). The Commission should follow a liberal approach in determining whether the accident in fact grew out of and occurred in the course of the employment. *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1979). It is the duty of the Commission to draw all legitimate inferences possible in favor of the claimant and to give the claimant the benefit of doubt. *Owens* v. *Nat'l Health Laboratories Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983). We believe the record in the case at bar contains substantial evidence to prove that appellee's injury had a connection with her employment.

Clearly, an insect bite occurring on a vegetable processing line involves a risk distinctly associated with that employment. It involves little imagination to visualize the presence of all types of insects in raw vegetables freshly harvested and brought to appellant Gerber Products' food processing plant. The evidence in the instant case established that an insect bite was a natural and probable consequence or incident of appellee's employment which was the cause of appellee's disability and we find no merit to this argument.

Appellants' final argument concerns its contention "that while there may be 'evidence' establishing a causal relationship between the job injury and the permanent and total disability, that evidence falls short of the requisite, 'substantial evidence' necessary to support the finding on appeal." Stated more succinctly, appellants take issue with appellee's position that the

insect bite aggravated, accelerated or combined with her preexisting disease to produce a disability. A preexisting disease or infirmity of an employee does not disqualify a claim under the arising out of employment requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought. *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982).

Dr. Carl Williams' testimony, while not totally conclusive as to a medical certainty that the insect bite caused the 1980 ulceration leading to appellee's disability, was of such a character that the Commission could reasonably conclude that the insect bite aggravated, accelerated or combined with appellee's preexisting disease to produce her permanent and total disability. As noted in *Little* v. *Delta Rice Mill, Inc.*, 11 Ark. App. 114, 667 S.W.2d 373 (1984), the test is not whether the insect bite caused the ulceration of the affected area, but whether the insect bite aggravated or accelerated the condition. In this regard, Dr. Carl Williams testified that "assuming a spider bite did occur, it would have accelerated the timing and severity of the skin graft."

Before we may reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.*, 2 Ark. App. 185, 618 S.W.2d 573 (1981). We cannot say that fair-minded persons would not have reached the same conclusion as did the Commission in the case at bar. We find substantial evidence to support the Commission's conclusion.

Affirmed.

CRACRAFT, C.J., and COOPER, JJ., agree.