The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Morgan S. Chapman, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence of record. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing on 30 November 1994 as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff.
3. Osborne Company was a self-insured employer.
4. The date of the alleged injury was 8 December 1993.
In addition, the parties stipulated into evidence the following:
(a) Forms 22 for plaintiff dated 14 March and 5 May 1994.
(b) Form 22 for a similar employee dated March 14, 1994.
(c) Six pages of Industrial Commission forms.
(d) A packet of medical records and reports.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. Plaintiff began working for defendant construction company on 30 August 1993 as a carpenter. On 8 December 1993 he was working on a project for defendant-employer at Pine Hall Brick Company. While working on the roof of the building, plaintiff noticed a stinging sensation on his right hand. Plaintiff soon noticed that the area was turning red, and knowing that he was extremely allergic to bee stings, plaintiff immediately reported the incident to his supervisor. His supervisor took him to Dr. Barker's office where he was given adrenalin and Benadryl for what had become a serious allergic reaction.
2. Sometime thereafter, plaintiff began complaining of chest pains, so an ambulance was summoned. At the hospital emergency room plaintiff was treated by Dr. James Austin for an allergic reaction, including, as part thereof, prescribing medication. Plaintiff returned later with increased swelling and chest pain.
3. After being admitted to the hospital as a result of the incident at work, plaintiff underwent some diagnostic tests which revealed obstructive coronary artery disease in the right coronary artery. This condition pre-existed the incident in question.
4. Plaintiff's pre-existing coronary condition was materially aggravated for the worse by his allergic reaction to the bee sting he sustained on 8 December 1994, his allergic reaction, and most significantly from medication prescribed.
5. The type of medication prescribed for plaintiff's allergic reaction generally raises a patient's blood pressure and is, therefore, precisely the opposite type of medication someone with plaintiff's coronary condition should be prescribed.
6. As a result the material aggravation of his coronary disease, plaintiff underwent angioplasty and an arthrectomy to remove the blockage, as well as additional treatment from Dr. Barry L. Barker, the Rockingham County Emergency Services, Morehead Memorial Hospital, Dr. James C. Austin, Dr. Gregory A. Braden and the Bowman Gray School of Medicine.
7. On the day plaintiff was stung on 8 December 1993, he was working with freshly cut wood on the construction site. Bees and other types of insects are attracted to and may gather on or around freshly cut wood. The Full Commission finds that there is credible evidence in the record that bees had been seen earlier on the day in question in the area where plaintiff and others were working.
8. The incident at work on 8 December 1994 when plaintiff was stung by a bee constituted an interruption of his normal work routine and the introduction of unusual circumstances likely to result in unexpected consequences.
9. On 8 December 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which materially aggravated for the worse his pre-existing coronary disease, which further resulted in plaintiff undergoing an angioplasty and an arthrectomy for the treatment thereof.
10. As the result of his injury by accident on 8 December 1994 which materially aggravated his coronary artery disease for the worse, plaintiff was unable to earn wages in his former position with defendant-employer or in any other employment for the periods from 9 December through 12 December 1994, 17 December through 19 December 1994, and from 6 January through 24 January 1994.
11. Plaintiff suffered no significant permanent damage to his heart as the result of her injury by accident on 8 December 1994.
12. Defendants in this matter defended the claim upon reasonable ground and in good faith.
13. On 8 December 1994 plaintiff's average weekly wage was $377.18, yielding a compensation rate of $251.58.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 8 December 1994 plaintiff's average weekly wage was $377.18, yielding a compensation rate of $251.58.
2. On 8 December 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer materially aggravated his pre-existing coronary artery disease for the worse. G.S. § 97-32; See Poinsetta Giftsv. Evans, 393 So.2d 8 (Fla.Dist.Ct.App. 1980) (Claimant was stung by an insect while working in a gift shop, suffered a severe allergic reaction and compensation was awarded under a positional risk doctrine.); See also, Gerber Products v. McDonald, 15 Ark. App. 226,691 S.W.2d 879 (1985) (Claimant awarded permanent and total disability after spider bite aggravated a pre-existing chronic circulatory condition.).
3. As the result of his injury by accident and the aggravation thereby of his coronary artery disease, plaintiff is entitled to be paid by defendant temporary total disability compensation for the periods from 9 December through 12 December 1994, 17 December through 19 December 1994, and from 6 January through 24 January 1994 at the rate of $251.58 per week. This is subject to the attorneys fee approved hereinafter.
4. Plaintiff is entitled to have defendant pay for all reasonable medical expenses incurred as the result of his 8 December 1994 injury by accident and the aggravation thereby of his coronary artery disease, including, but not limited to the following: the expenses for his angioplasty and an arthrectomy procedures, treatment by Drs. Barry L. Barker, James C. Austin and Dr. Gregory A. Braden, along with treatment by Rockingham County Emergency Services, Morehead Memorial Hospital and the Bowman Gray School of Medicine.
5. Plaintiff did not sustain the loss of or permanent injury to his heart as the result of the injury by accident and aggravation thereby of his coronary artery disease, and, therefore, not entitled to compensation pursuant to G.S. §97-31(24).
6. Defendant in this matter defended the claim upon reasonable ground and in good faith and plaintiff, therefore, is not entitled to an additional attorney's fees or costs pursuant to G.S. § 97-88.1.
7. Plaintiff's attorney is entitled to an attorney's fee of twenty-five (25%) of the compensation awarded herein.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation for the periods from 9 December through 12 December 1994, 17 December through 19 December 1994, and from 6 January through 24 January 1994 at the rate of $251.58 per week, subject to the attorney's fee approved hereinafter. This amount, having accrued, shall be paid to plaintiff in a lump sum payment.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred as the result of plaintiff's injury by accident on 8 December 1994 and the aggravation thereby of his coronary artery disease.
3. Defendant shall pay to counsel for plaintiff and attorney's fee of twenty-five (25%) of the compensation awarded herein which shall be deducted from the accrued compensation and paid directly to counsel for plaintiff.
4. Defendant shall pay the costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER